UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARDAWAY VOLCY,

Petitioner,

v. Case No. 8:10-CV-2662-T-24EAJ
8:08-CR-270-T-24EAJ

UNITED STATES OF AMERICA,

Respondent.

_______________________________/

O R D E R

This cause comes on for consideration of Petitioner's Petition for Successive 28 U.S.C. § 2255 (Cv-D-6), Motion for Leave to Proceed In Forma Pauperis (Cv-D-7), and Motion for Appointment of Counsel (Cv-D-8)

By way of background, on February 3, 2009, after a jury trial, Petitioner was convicted of conspiracy to distribute and possess with the intent to distribute marijuana and possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and (B). On April 22, 2009, the Court sentenced Petitioner to a term of imprisonment of 97 months. On May 5, 2009, the Court entered an Amended Judgment to correct a clerical error on the second page of the judgment. Petitioner appealed. On

November 5, 2008, the Eleventh Circuit Court of Appeals affirmed in part and vacated and remanded in part for the Court to correct two clerical errors in the May 5, 2009 amended judgment against Petitioner. The Court issued a Second Amended Judgment on September 16, 2010 correcting these scrivener's errors.

On November 26, 2010, Petitioner filed his first § 2255 motion. By order dated January 3, 2011, the Court denied Petitioner's motion. Petitioner did not appeal.

On July 21, 2011, the Court received Petitioner's second § 2255 motion. As indicated above, Petitioner previously filed an unsuccessful § 2255 motion seeking to vacate his sentence. A federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Petitioner has not demonstrated that he has met the foregoing requirement. Thus, the Court lacks jurisdiction to consider Petitioner's claims under § 2255.

IT IS ORDERED that:

(1) Petitioner's Petition for Successive 28 U.S.C. §

2255 (Cv-D-6) is DISMISSED for lack of jurisdiction.

2) Petitioner's Motion for Leave to Proceed In Forma Pauperis (Cv-D-7) is DENIED as unnecessary.

3) Petitioner's Motion for Appointment of Counsel (Cv-D-8) is DENIED.

2) The Clerk is directed to CLOSE the civil case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel

529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 25th day of July, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE